PeaesoN, J.
 

 The Judge
 
 charged
 
 — “ if the jury believed the prisoner bore malice towards the deceased, and there was n© reconciliation between them, (and this lies on the prisoner to show,) then, although the deceased might have given, what, under other circumstances, would have been a legal provocation — as if he had
 
 assaulted the prisoner with the hoe or had actually stricken him, with it
 
 — it would be murder: for the law would refer the killing to the malice, and not to the' provocation.”
 

 To this the prisoner excepts. There is error. His Honor-, no doubt,- gave these instructions upon what he conceived to
 
 *252
 
 be the principle settled by
 
 State
 
 v.
 
 Madison
 
 Johnson, 1 Ired. 354. We have heard that the decision in Madison Johnson’s case was not concurred in, by the profession. If.it is supposed to have established and settled, as a general principle, the doctrine laid down by his Honor, the disapproval of the profession is not at all to be wondered at. But in point of fact the decision in that case does not announce or settle any such general principle. ' Owing to the very wide range taken by the judges in delivering their opinions, and because both opinions are very long, it is rendered difficult to determine what general principle is announced and settled ; in fact, the circumstances under which any homicide is committed, are so numerous, and the details, in any one instance, differ so much from those attending any other case that has occurred, or that will hereafter occur, as to make it impossible to lay down any general rule or principle in regard to it. Eor this reason, the law does not attempt to trammel the action of the jury by any artificial or general rule, and it is left to .their good sense to say, from the evidence, whether the act of killing was done because of the present provocation, or because of a deliberate intent to kill, previously formed, and then and there carried into effect, the provocation being a mere circumstance collateral to this wicked intent, Which the prisoner would have carried into effect any how, or being a mere pretext, sought for as a cover to the wicked intent, previously formed and then acted on.
 

 In
 
 Madison Johnson’s
 
 case, a witness swore that at dinner time of the day on which the homicide was committed, the prisoner said, “ he had bought powder and shot and intended to kill a man that night before the bell rang, and showed the pistol.” He did, with the pistol, kill a man that night before the bell rang, (9 o’clock.) The judge, in the court below, charged, if the jury were satisfied that the deceased was the object of this threat, and the prisoner went to the shop with 'the intention to provoke a quarrel with the deceased, in order to gratify his avowed vengeance, the killing -was murder, notwithstanding the provocation offered at the time. The
 
 *253
 
 charge was approved by this Court. GastoN, J., in concluding his opinion, says, “ In the case before us there is one thing which we can pronounce with certainty : If the prisoner did go to the place where he killed the deceased,
 
 with intent to MU
 
 him, (so the jury have found, and so, in our opinion, they were warranted to find,) there was no evidence, however slight, showing or tending to show, that this intention was abandoned before the act was done.”
 

 . The principle settled by this decision, if the subject matter be' susceptible of any principle, is this: if A says he will kill B, with a weapon vdiich lie- then has, before a certain time, and the jury are satisfied, that in pursuance of this intent to kill, A goes to a place where he expects to meet B, and there kills him with the -weapon, at the time named in his previous threat, the killing is murder, notwithstanding B gave to A a legal provocation just before the killing, unless A offers some evidence, showing or tending to show, that he had abandoned his intention to kill. The point about which the judges differ, is whether there is or is not a presumption, in the absence of any evidence except the provocation, that the intent to kill had been abandoned
 
 %
 

 There can be no sort of question as to the correctness of the principle thus stated : in fact, it would suggest itself to the good sense of every juror without any instruction from the presiding Judge. But this is altogether a different principle, from that laid down by his Honor in the case before us, viz: “ if A bears malice towards B, and they meet by accident, and upon a quarrel, B assaults A with a grubbing hoe, and actually strikes him with it, and thereupon A shoots B with a pistol, the killing is murder, because the law refers it to
 
 tliejfremous
 
 malice, and not to the present provocation, unless A can prove that there had been a reconciliation.”
 

 A mere “ grudge,” or malice, in its general sense, is not sufficient to bring a case within the principle acted on in
 
 Madison Johnson’s
 
 case : there must be a
 
 ¡pa/rtiexdar
 
 and
 
 definite intent to hill—
 
 as if the weapon with which the^party intends to kill is shown, or the time, and place are fixed on, and the
 
 *254
 
 party goes to the place, at the time, for the purpose of meeting his adversary and with an intention to kill him; so that the provocation is a mere collateral circumstance, and the intent to kill existed before and independently of it.
 

 Por this error in the charge of his Honor, the prisoner is entitled to a
 
 venire de novo.
 

 We express no opinion in regard to the alleged repugnancy in the two counts, because we take it for granted the objection will be removed by sending a new bill.
 

 Pee OublaM. Judgment reversed.